# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CANDACE DAVIS,
:
    Petitioner,                                               Case No. 3:06-cv-357
:
    -vs-                                                   Magistrate Judge Michael R. Merz

WARDEN, OHIO REFORMATORY
 FOR WOMEN,
:
    Respondent.

## DECISION AND ORDER

        This habeas corpus case is ripe for decision on the merits.

        As a preliminary matter, Petitioner's second request for appointment of counsel (Doc. No. 16) is denied on the same basis as the Court previously denied counsel (See Doc. No. 12).

        Also as a preliminary matter, in her "Request for the Court to Take Judicial Notice," Plaintiff says that she "mistakenly signed the form sent to her by Magistrate Merz approving the transfer of her case from Judge Rice to Magistrate Merz. Petitioner mistakenly thought that she was signing a form sent to her by 'her attorney.'" She requests that the process be reversed and the case be returned to Judge Rice.

        The form on which Plaintiff consented to plenary magistrate judge jurisdiction, attached as Exhibit 1, is unequivocal in form. Petitioner's claim that she believed it was sent to her by her attorney is not credible in that Petitioner does not and has never had an attorney representing her in this case. The cover letter sent to Petitioner with the consent form, attached as Exhibit 2, plainly

comes from the magistrate judge's chambers, explains the suggestion of consent and advises that it must be voluntary and unanimous. Once a party has given consent under 28 U.S.C. § 636(c), they do not have a right to withdraw that consent. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th cir. 1993), citing *Fellman v. Fireman's Fund Ins. Co.,* 735 F.2d 55, 58 (2d Cir. 1984); *Carter v. Sea-Land Services,* 816 F.2d 1018, 1020 (5th Cir. 1987). Withdrawal must be under extraordinary circumstances. *Moses v. Sterling Commerce*, 122 Fed. Appx. 177, *; 2005 U.S. App. LEXIS 19 (6th Cir. Jan. 3, 2005). Petitioner's request to transfer the case back to Judge Rice is denied.

In 2004 Petitioner was indicted on two counts of murder and one count of tampering with evidence. She was found guilty by a jury and sentenced to fifteen years to life imprisonment for the murder with three years consecutive for the tampering charge. Raising four assignments of error, she appealed to the Montgomery County Court of Appeals which affirmed the conviction on October 28, 2005. She took no further appeal to the Ohio Supreme Court. Instead, she filed the instant Petition on November 14, 2006, pleading the following grounds for relief:

> **GROUND ONE:** Ineffective assistance of counsel at trial level.
>
> **SUPPORTING FACTS:** Trial counsel failed to to (sic) ask for a jury instruction on involuntary manslaughter as a proximate result of misdemeanor assault and failed to embody the correct law governing the issue, and failed to comply with Crim. R. 30 by not formally objecting. Trial counsel was "duty bound" to clearly identify the proper underlying misdemeanor which would support an instruction on involuntary manslaughter. This failure adversely affected petitioner.
>
> **GROUND TWO:** Ineffective assistance of counsel.
>
> **SUPPORTING FACTS**: Trial counsel failed to properly object to the trial court's ruling regarding the exclusion of evidence. Counsel failed to timely object to the redaction of portions of the petitioner's recorded statement. Counsel agreed with the prosecution and court, this action adversely affected petitioner.

**GROUND THREE:** Ineffective assistance of counsel.

**SUPPORTING FACTS:** Trial counsel failed to bring to the court's attention the fact that petitioner requested counsel to advise the court that she was denied the presence of an attorney while being initially questioned by law enforcement agents. Counsel stated: "they do it all the time." However, petitioner avers that her constitutional rights were violated and counsel failed to take any action.

**GROUND FOUR**: Ineffective assistance of counsel.

**SUPPORTING FACTS:** Trial counsel failed to communicate any type of plea agreement to petitioner. Counsel advised petitioner that because she was "black" that nothing really made a difference, and that, the court would not permit a plea bargain offer. Petitioner never wanted to go to trial, but was advised by counsel that she had no choice.

**GROUND FIVE:** Ineffective assistance of counsel.

**SUPPORTING FACTS:** Trial counsel failed to adequately explain the indictment to petitioner and assure that she fully understood the nature and scope and consequences of the indictment. Counsel repeatedly advised that the judge would not permit anything to be entered that would help her.

**GROUND SIX:** Ineffective assistance of counsel.

**SUPPORTING FACTS:** Appellate counsel failed to request oral arguments, even after, petitioner repeatedly requested such oral arguments to be heard before the court of appeals. Counsel continued to advise petitioner that "she needed to pay more money."

**GROUND SEVEN:** Ineffective assistance of counsel.

**SUPPORTING FACTS:** Appellate counsel failed to inform the appellate court of the specifics of the redacted matter so that the court might apply the plain error rule to the lower court's ruling. This adversely affected petitioner.

**GROUND EIGHT**: Ineffective assistance of counsel.

**SUPPORTING FACTS**: Appellate counsel failed to permit petitioner to have any type of input into the issues that was (sic) to be

> put before the court of appeals for their consideration.
>
> **GROUND NINE**: Petitioner was wrongfully judged by the court of appeals.
>
> **SUPPORTING FACTS:** In the court of appeals opinion, it clearly states in the first sentence: "Candace Davis appeals from her conviction of two counts of murder and tampering with evidence after a jury trial." This is incorrect. Petitioner submits that this could have been avoided if appellate would have requested oral arguments as petitioner repeatedly requested. This erroneous conclusion clearly was prejudicial to petitioner.

(Doc. 2, Petition, at ¶ 12).

Because Petitioner had available remedies for these claims in the Ohio courts which she had not exhausted, the Court stayed this case to allow her time to file a petition for post-conviction relief under Ohio Revised Code § 2953.21 and an application for delayed reopening of her direct appeal under Ohio R. App. P. 26(B). The Second District Court of Appeals refused to consider her ineffective assistance of appellate counsel claims because she had not shown good cause for her tardy filing in that court and she took no appeal. Similarly, the Montgomery County Common Pleas Court dismissed her post-conviction relief petition as untimely and she took no appeal from that decision.

Respondent seeks dismissal on the ground that Petitioner has committed numerous procedural defaults in presenting her claims to the state courts, including at least that (1) claims of ineffective assistance of trial counsel which could have been adjudicated on the record were not raised on direct appeal; (2) claims of ineffective assistance of trial counsel which required evidence outside the record were not presented in a timely petition for post-conviction relief under Ohio Revised Code § 2953.21; (3) claims of ineffective assistance of appellate counsel were not presented in a timely application for reopening the direct appeal; and (4) Petitioner failed to take any appeal

at all from the decisions of the state courts made when this case was stayed to permit exhaustion of state court remedies.

In her reply, denominated as Petitioner's Response to Respondent's Answer (Doc. No. 15), Petitioner does not deny any of the claimed procedural defaults. Rather, she claims that she can showing excusing cause and prejudice if granted an evidentiary hearing. However, she offers no suggestion of what evidence she would offer at such a hearing.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and

prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Petitioner's first and second grounds for relief raise claims of ineffective assistance of trial counsel which could have been adjudicated by the Court of Appeals on direct appeal because they depend on what is shown in the trial record. Ohio had a rule requiring such claims to be presented on direct appeal and applying the doctrine of *res judicata* to them if they are not raised in that way but are attempted to be raised later. *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry*, is an adequate and independent state ground. *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied* 531U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 423 N.E. 2d 1068 (1981). Because the first and second grounds for relief could have been presented on direct appeal, where Petitioner was represented by new counsel, but were not, she defaulted in presenting them to the Ohio courts and thus cannot obtain a review of those claims on the merits in this Court.

Petitioner's third, fourth, and fifth grounds for relief appear to rely on facts which would not have been in the record on direct appeal. Under Ohio law, such claims can be presented on the

merits in a petition for post-conviction relief under Ohio Revised Code § 2953.21. However, there is a statute of limitations on filing such a claim and the Montgomery County Common Pleas Court held that Petitioner had not shown good cause for filing well after that statute had expired. Certainly reasonable statutes of limitations protect a state's interest in finality in criminal cases and no federal court has held the statute applicable to 2953.21 petitions is unreasonable. Thus Petitioner procedurally defaulted on her third, fourth, and fifth grounds for relief when she did not present them in a timely manner to the Ohio courts. She committed an additional default when she failed to appeal.

In her sixth, seventh, eighth, and ninth grounds for relief, Petitioner claims ineffective assistance of appellate counsel. As noted above, Ohio has a procedure to addressing these claims in an application for delayed reopening of the direct appeal. However, Petitioner pursued that remedy in an untimely manner and the Court of Appeals held her untimeliness against her, dismissing her application on that basis. In noncapital cases, the timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (2008); *Scuba v. Brigano*, 527 F.3d 479, 488 (2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002). Moreover, when she lost in the Court of Appeals, Ms. Davis failed to appeal to the Ohio Supreme Court.

In her Reply, Ms. Davis says that if granted an evidentiary hearing, she can show cause and prejudice to excuse her procedural defaults. However, she gives no hint as to what that cause and prejudice might be. Moreover, under 28 U.S.C. § 2254(e)(2), a habeas petitioner who seeks an evidentiary hearing must show that she exercised reasonable diligence in attempting to present the evidence in the state courts. Ms. Davis, so far as the record shows, made no such effort.

Finally, Petitioner asserts in her Reply that she was held illegally for four years before she was resentenced. The record shows that the resentencing applies to advising her of her obligations after release and is not related in any way to any one of the nine grounds for relief she raised in her Petition.

**Conclusion**

All of Petitioner's grounds for relief are barred by her procedural default in presenting them to the state courts. Accordingly, the Petition will be dismissed with prejudice.

April 29, 2009.

s/ **Michael R. Merz**  
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

Candace Davis,

    Petitioner,

:

Case No. 3:06-cv-357

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

-vs-

:

Warden, Ohio Reformatory for Women,

    Respondent.

:

---

## CONSENT TO MAGISTRATE JUDGE JURISDICTION

The undersigned as a party or counsel to the above-captioned action pursuant to Fed. R. Civ. P. 73(b), hereby consents to the exercise of civil jurisdiction in this case by United States Magistrate Judge Michael R. Merz under 28 U.S.C. § 636(c). Such jurisdiction shall include all pre-trial matters, whether or not dispositive, trial, whether to the Court or by Jury, the entry of judgment and any post-trial matters.

_____
Signature of Party or Counsel

_____
Please Print Name

United States District Court
Southern District of Ohio
200 West Second Street
Dayton, Ohio 45402

Michael R. Merz  
Magistrate Judge

Tel. 937.512.1550  
e-mail: Michael_Merz@ohsd.uscourts.gov

April 24, 2009

Candace Davis, 58640
Marysville Reformatory
1479 Collins Ave.
Marysville, OH 43040

Hilda Rosenberg
Office of the Ohio Attorney General
441 Vine Street, Suite 1600
Cincinnati, OH 45202

Dear Ms. Davis and Attorney Rosenberg:

    Re:   *Davis v. Warden, Ohio Reformatory for Women*
           Case No. 3:06-cv-357

    As you are aware, this case was assigned to District Judge Walter Herbert Rice upon initial filing in this Court and was referred to me under the Court's standing order referring all habeas corpus cases.

    As a United States Magistrate Judge, I have been designated by the Judges of this Court to conduct trials upon the consent of the parties. Therefore, whenever a case is referred to me by one of the Judges, we remind the parties of their right to consent to magistrate trial jurisdiction as one of the options for handling this case. If you exercise that option, I will handle this case through decision on the merits, and any appeal would be to the Sixth Circuit.

    Consent is completely voluntary and must be unanimous; failure to consent will have no adverse substantive consequences.

This case is becoming active again and would therefore request that you reconsider this issue.

A brief professional resume is available on the Court's website (www.ohsd.uscourts.gov). Enclosed is a form for granting consent. So that we can have some basis for docket planning, we would appreciate it if you would consider the consent question now and notify my Judicial Assistant Kelly Kopf at 937.512.1550 whether you wish to consent or not **within the next two weeks.**

If you have questions about these matters, please feel free to call me or a member of the staff at 937.512.1550.

Very truly yours,


Michael R. Merz
United States Magistrate Judge


Enclosures: Consent form
Copy: Case file